# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s):** 25-5701

**Case Name:** Samuels v. AH Capital Management, L.L.C., et al.

**Counsel submitting this form:** Jason Gottlieb

**Represented party/parties:** Dragonfly Digital Management LLC

*Briefly describe the dispute that gave rise to this lawsuit.*

On December 17, 2023, Plaintiff Andrew Samuels, a purchaser of the LDO token, filed a putative class action suit asserting that the LDO token is an unregistered security and that he is entitled to rescission of his alleged purchases or rescissory damages pursuant to Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1).

The operative complaint asserts claims against Lido DAO (which Plaintiff alleges is a general partnership), asserting it solicited his purchase of LDO tokens, including through having the LDO token listed on digital asset exchanges. The other defendants, AH Capital Management, L.L.C., Paradigm Operations LP, Dragonfly Digital Management LLC, and Robot Ventures LP, are also purchasers of the LDO token. Plaintiff does not argue that these defendants personally solicited his purchase of LDO tokens. Instead, he alleges they are liable as general partners in Lido DAO, which the defendants dispute. The district court dismissed Robot Ventures LP from the litigation.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 7**     *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

Plaintiff alleges that he purchased his LDO tokens on various occasions in 2023 on the Gemini digital asset exchange. After refusing to answer discovery requests relating to the Gemini User Agreement for months, Plaintiff finally admitted during discovery that he accepted and was bound by the Gemini User Agreement (which contains a mandatory arbitration provision) when he created his Gemini account and that he was subject to the Gemini User Agreement on each date he purchased LDO on the Gemini platform. Upon learning this information, Defendants AH Capital Management, L.L.C., Paradigm Operations LP, and Dragonfly Digital Management LLC ("Moving Defendants") promptly moved to compel arbitration, arguing that Plaintiff agreed to arbitrate his claims by consenting to Gemini's User Agreement.

The district court denied the motion to compel arbitration, holding that the Moving Defendants waived their right to compel arbitration.

This appeal challenges that ruling. The principal issue on appeal is whether the district court erred in concluding that waiver occurred, despite the Moving Defendants' prompt action in moving to compel arbitration upon discovering that Plaintiff was bound by the arbitration agreement.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Moving Defendants' appeal of the denial of the motion to compel arbitration automatically stays the district court proceedings. At present, fact discovery has not concluded, Plaintiff has not moved for class certification, and no party has moved for summary judgment.

**Signature** /s/Jason Gottlieb     **Date** 09/15/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**     *Rev. 09/01/22*

2