# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 25-5701

**Case Name** Samuels v. AH Capital Management, L.L.C., et al.

**Counsel submitting this form** Susan E. Engel

**Represented party/parties** AH Capital Management, L.L.C.

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiff Andrew Samuels alleges that he purchased LDO tokens on Gemini on various occasions in 2023.

On December 17, 2023, Plaintiff filed this putative class action suit asserting, among other things, that the LDO token is an unregistered security and that he is entitled to rescission of his alleged purchases or rescissory damages pursuant to Section 12(a)(1) of the Securities Act, 15 U.S.C. 77l(a)(1).

The operative complaint asserts claims against Lido DAO (which Plaintiff alleges is a general partnership), as well as AH Capital Management, L.L.C., Paradigm Operations LP, Dragonfly Digital Management LLC, and Robot Ventures LP (whom Plaintiff alleges are general partners in Lido DAO). The district court dismissed Robot Ventures LP from the litigation.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

During discovery in this case, Plaintiff admitted for the first time that he accepted Gemini's User Agreement, which includes an arbitration provision. Defendants AH Capital Management, L.L.C., Paradigm Operations LP, and Dragonfly Digital Management LLC (Moving Defendants) moved to compel arbitration, arguing that Plaintiff agreed to arbitrate his claims in this case by consenting to Gemini's User Agreement.

The district court denied the motion to compel arbitration. The court held that the Moving Defendants waived their right to compel arbitration. The court also held that if the Moving Defendants had not waived their right to compel arbitration, the court would have granted the motion to compel arbitration because the User Agreement delegates the question of arbitrability to the arbitrator. Finally, the court stated that if it were wrong about the delegation question, it would have denied the motion to compel arbitration because the parties' dispute does not fall within the arbitration provision's scope, and because equitable estoppel does not require arbitration of Plaintiff's claims.

Among the issues presented on appeal are whether the district court erred in denying Defendants' motion to compel arbitration and whether the district court erred in any other respect.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Moving Defendants' appeal of the denial of the motion to compel arbitration means that district court proceedings are stayed. Plaintiff has not moved for class certification, and no party has moved for summary judgment.

**Signature** s/ Susan E. Engel    **Date** 9/15/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                          *Rev. 09/01/22*

2